# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL G. HARSHAW, | Case No. 1:16-cv-00963-AWI-SKO |
| Plaintiff, | **ORDER THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH 28 DAYS LEAVE TO AMEND AS TO TITLE VII CLAIM** |
| v. | |
| JACOB J. LEW, Secretary, Department of the Treasury, | (Doc. 1) |
| Defendant. | |

## I.  INTRODUCTION

On July 6, 2016, Plaintiff Cheryl G. Harshaw ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action against Defendant Jacob Lew, the Secretary of the Department of the Treasury, apparently in his official capacity ("Defendant"). (Doc. 1.)  For the reasons set forth below, Plaintiff's complaint is DISMISSED without prejudice and with leave to amend as to her Title VII claim.

## II.  DISCUSSION

**A.  Screening Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and must dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the Court determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  If the Court determines that the

complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint are capable of being cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may not simply allege a wrong has been committed and demand relief. The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation[;]" the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). Further, while factual allegations are accepted as true, legal conclusions are not. *Id.* (quoting *Twombly*, 550 U.S. at 555).

**B.  Plaintiff Fails to Plead a Cognizable Federal Claim**

Plaintiff alleges claims for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Internal Revenue Service Unauthorized Access, Attempted Access or Inspection of Taxpayer Records ("UNAX") Program, 26 U.S.C. § 7213A *et seq.* (Doc. 1.)

**1.  Plaintiff Alleges Sufficient Facts Supporting a Claim of a Violation of Title VII**

Title VII provides that it shall be an unlawful employment practice for an employer to fail to refuse, or otherwise discriminate against, any individual because of his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(b). To establish a prima facie case of intentional discrimination (known as "disparate treatment") under Title VII, a plaintiff must show that: "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004); *see also Raad v. Fairbanks North Star Borough School Dist.*, 323 F.3d 1185, 1195-96 (9th Cir. 2003) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

An adverse employment action is broadly defined. *Ray v. Henderson*, 217 F.3d 1234, 1241 (9th Cir. 2000); *see also Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (collecting cases), and exists where an employer's action negatively affects an employee's compensation. *See Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 970 (9th Cir. 2002) (holding that a reduction in base monthly pay was an adverse employment action even though with commission and bonuses it might have equaled the same net pay); *Univ. of Hawaii Prof'l Assembly v. Cayetano*, 183 F.3d 1096, 1105-06 (9th Cir. 1999) (holding that receiving pay even a couple of days late can seriously affect an employee's financial situation and constitutes substantial impairment under the Contracts Clause).

Courts employ a burden-shifting analysis for Title VII disparate treatment claims. The plaintiff must first establish a prima facie case of discrimination. If the plaintiff succeeds in doing so, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct. If the defendant provides such a reason, the burden shifts back to the plaintiff to show that the employer's reason is a pretext for discrimination. *Vasquez v. County of L.A.*, 349 F. 3d 634, 640 (9th Cir. 2004).

Here, Plaintiff concludes that she has been denied the "terms, conditions, and privileges of employment" because a single element of her job performance evaluation was lowered from a score of "5" to a "4" based on a missing status report. Plaintiff contends her score was actually lowered because of her "Native American/African American" racial identity, while non-Native American and non-African American employees were not likewise reprimanded for the same missing report. As a result, she was "financially harmed" since she has not "received comparable compensation" for her work performance. Therefore, Plaintiff has sufficiently alleged facts supporting a claim for intentional discrimination/disparate treatment under Title VII.

**b. Plaintiff Has Not Fully Exhausted Her Administrative Remedies**

However, though Plaintiff alleges she has engaged in the complaint process through the Equal Employment Opportunity Commissioner ("EEOC"), she does not describe the filing or substance of any underlying EEOC discrimination charge and she does not attach a right to sue letter indicating the permissible scope of claims that the Court may hear. (Doc. 1, pp. 5-6.) The

Court cannot determine whether there has been substantial compliance with the law's administrative exhaustion requirement -- the prerequisite for hearing *any* claim against Defendant under Title VII of the Civil Rights Act.

Title VII requires a plaintiff to file an administrative claim with the EEOC against their employer[1] within one hundred and eighty days after the alleged unlawful employment practice occurred.  42 U.S.C § 2000e-5.  The EEOC issues a "right-to-sue" notice permitting a civil action to be brought against the employer within ninety days.  *Id.*, § 2000e-5(f)(1).  Substantial compliance with the administrative exhaustion process is a jurisdictional prerequisite to the filing of a civil action against that employer under federal law.  *See Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir.2001) (Title VII).  The scope of the EEOC complaint determines the permissible scope of the claims that may be presented in district court.  *Leong*, 347 F.3d at 1122.

If plaintiff has filed a charge with the EEOC against Defendant, she "must allege the facts relevant to that charge, including: (1) the alleged violation(s); (2) when the charge was filed; and (3) who it was against.  The charge itself should be attached as an exhibit if possible."  *Whitsitt v. Hedy Holmes Staffing Servs.*, No. 2:13-CV-0117-MCE-AC, 2014 WL 5019667, at *5 (E.D. Cal. Oct. 7, 2014).  A description of the charge to the EEOC and a copy of the right-to-sue notice are necessary to provide the Court with jurisdiction to hear Plaintiff's claims and the scope of its review.  *Leong*, 347 F.3d at 1122.  Plaintiff provides neither.  Without these, the Court cannot determine whether Plaintiff has exhausted her administrative remedies, and whether it has jurisdiction to proceed with the case.  Leave to amend will be granted as to Plaintiff's Title VII claim to allow Plaintiff to include this information in her amended complaint.

**2.    Plaintiff's Claim of a Violation of UNAX Must Be Dismissed with Prejudice**

Plaintiff alleges that on June 27, 2014, her employer violated UNAX by auditing her 2012 income tax record in retaliation for her filing a complaint for discrimination based on race.  (Doc. 1, p. 5.)  As a result of the audit, her "natural-born children were stripped as [her] dependents and

---

[1]   The Court also notes that it is unclear from the Complaint whether Defendant is an "employer" under Title VII of the Civil Rights Act.

4

[her] Head of Household status changed to Single with no dependents" and she "incur[red] a tax debt for $5,000 plus interest and penalties." (*Id.*)

"Tax returns and tax return information must be kept confidential, unless a statutory exception applies." *Aloe Vera of America, Inc. v. United States*, 699 F.3d 1153, 1156 (9th Cir. 2012). A taxpayer may bring a civil action for damages against the United States when any federal government officer or employee "knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of [26 U.S.C] section 6103." *See* 26 U.S.C. § 7431(a)(1).

Under § 7213, it is a criminal "felony punishable by a fine not to exceed $5,000, or imprisonment of not more than five years (or both), "for any officer or employee of the United States or any person described in section 6103(n) (or an officer or employee of any such person), or any former officer or employee, willfully to disclose to any person, except as authorized . . . any return or return information (as defined in section 6103(b))." 26 U.S.C. § 7213(a)(1). It is a misdemeanor punishable by a fine not to exceed $1,000, or imprisonment of not more than one year (or both), for any officer or employee of the U.S. or any person described in sections 6103(l)(18) or 6103(n) (or an officer or employee of any such person) "willfully to inspect, except as authorized in this title, any return or return information [as defined in section 6103(b)]." 26 U.S.C. § 7213A(a), (c).

In addition to these criminal penalties, "Congress created the Treasury Inspector General for Tax Administration, an entity distinct from the IRS, which investigates claims of IRS employee misconduct, in an effort to deter such misconduct." Hudson Valley Black Press v. I.R.S., 409 F.3d 106, 111-12 (2d Cir.2005) (citing 5 U.S.C. 3 § 2(B)(ii)). 5 U.S.C. 3 § 7(a) authorizes the Inspector General to "receive and investigate complaints or information from an employee ... concerning the possible existence of an activity constituting a violation of law, rules, or regulations. . . ." 5 U.S.C. 3 § 7(a).

Section 7213 provides *criminal penalties* for unlawful disclosure of return information "except as authorized in this title." "There is no authority for the proposition that Plaintiff can bring a civil cause of action based on th[is] criminal statute [ ]." *Valladares v. I.R.S.*, No. CV-F-

00-4041-AWI-SMS, 2001 WL 670629, *7 (E.D. Cal. May 2, 2001).  Accordingly, Plaintiff has no private right of action under UNAX.

**C.     Leave to Amend Should Be Granted**

Though the complaint sets forth facts sufficient to state a cognizable federal claim under Title VII, this Court lacks jurisdiction to hear the matter absent evidence demonstrating Plaintiff has met the procedural threshold of filing a timely EEOC complaint, receiving a right-to-sue notice, and filing a timely complaint.  Because Plaintiff has failed to plead facts invoking the Court's jurisdiction, the complaint must be dismissed.  28 U.S.C. § 1915(e)(2); *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.").  Plaintiff's complaint is therefore dismissed *without* prejudice and *with* leave to amend.  Plaintiff will be given an opportunity to amend the deficiencies of the complaint solely as to her Title VII claim.

Plaintiff is advised that an amended complaint supersedes the original complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220 of the Local Rules of the United States District Court, Eastern District of California. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, Plaintiff's claim and the involvement of each defendant must be sufficiently alleged.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

## IV.     CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED without prejudice and with leave to amend;
2. Plaintiff shall file an amended complaint to amend the deficiencies of her Title VII claim within 28 days from the date of service of this order; and

//

//

6

3. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated:   **July 18, 2016**                              /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE