# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL G. HARSHAW,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN MNUCHIN, Secretary, Department of Treasury,<br><br>Defendant. | Case No. 1:16-cv-00963-AWI-SKO<br><br>**ORDER SCREENING COMPLAINT AND DIRECTING CLERK TO FORWARD SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS**<br><br>**(Doc. 4)** |

Before the Court is Plaintiff's Amended Complaint for Employment Discrimination (the "Complaint"), (Doc. 4), which Plaintiff filed *pro se* and *in forma pauperis*. For the reasons provided herein, the Court FINDS that the Complaint states cognizable claims and therefore survives initial screening.

## I. BACKGROUND

Plaintiff alleges that Defendant, her employer, discriminated against her based on her race. In 2014, Plaintiff filed a complaint with Defendant's Equal Employment Office (the "EEO"), in which she alleged that her "annual appraisal on" June 23, 2014 "was lowered from an overall 5.0 (last year) to an overall 4.8 this year" (the "First Complaint"). (Doc. 4 at 31.) At some point, the First Complaint was closed. (*See id.* at 56.)

On May 12, 2015, Plaintiff filed an additional complaint with the EEO (the "Second Complaint"). (*See id.* at 29.) In this Second Complaint, Plaintiff alleged that, in considering and processing Plaintiff's First Complaint, Defendant's employees "falsified documents, purposely excluded . . . allegations from a counseling report, disclosed personal information among IRS employees outside the scope of her case, provided false alternative dispute resolution, and included a closed allegation with the knowledge that doing so could cause a dismissal." (*Id.* at 55–56; *see also id.* at 19 (providing Plaintiff's EEO Counseling Report for the Second Complaint, which discusses Plaintiff's allegations); *id.* at 41 (constituting Plaintiff's statement for appeal before the Equal Employment Opportunity Commission, in which she discusses her allegations relating to the Second Complaint).) The Defendant agency denied the Second Complaint, (*id.* at 25), and Plaintiff appealed this decision to the U.S. Equal Employment Opportunity Commission (the "EEOC"), (*id.* at 40). In a decision dated December 15, 2015, the EEOC affirmed the agency's decision and notified Plaintiff that she had the right to file an action in the appropriate United States District Court. (*Id.* at 55–59.)

Plaintiff filed the operative Complaint in this Court on August 10, 2016. (Doc. 4.) The Complaint appears to include seven claims—all of which allege violations of "Title VII, 42 U.S.C. § 2000e-2, Section 703(a)(1)." (*Id.* at 4–9.) Specifically, the Complaint includes the following claims: (1) a claim that Defendant "allowed and tolerated" its employees' conduct in denying Plaintiff "representation at every level of the complaint process" ("Count I"), (*id.* at 5); (2) a claim that Defendant "allowed and tolerated" its employees harming Plaintiff by "deceiv[ing]" her "into involving [the] Chapter 97 union office" in the complaint process ("Count II"), (*id.* at 6); (3) a claim that Defendant "allowed and tolerated its EEO personnel to concoct [an] EEO Intake Form" that "contain[ed] lies, misrepresentations, statement fabrications, and [personal] information belonging to another federal employee," ("Count III"), (*id.* at 6–7); (4) a claim that Defendant "allowed and tolerated" its employees "collu[ding] to file" an intake form related to the First Complaint along with documents pertaining to the Second Complaint ("Count IV"), (*id.* at 7–8); (5) a claim that Defendant "allowed and tolerated its employees" sharing a "personal cellular phone number" that "belonged to another IRS employee" with "tax examiners/specialists," which

"resulted in" Plaintiff incurring "two erroneous tax debts" ("Count V"), (*id.* at 8); (6) a claim that Defendant "allowed and tolerated its . . . employees" altering a document to make a description of the disposition of the First Complaint "misleading and a misrepresentation of facts" ("Count VI"), (*id.* at 8–9); and (7) a claim that Defendant's employees "retaliate[ed]" against Plaintiff by "sen[ding] two copies" of a dismissal notice to Plaintiff's son, who Plaintiff did not list as her "representative" on her "formal complaint" ("Count VII"), (*id.* at 9). Plaintiff also alleges in the Complaint that "[e]ach . . . employee's unethical behavior and misconduct was because of [Plaintiff's] race," which Plaintiff describes as "Native American/African American." (*Id.*; *see also id.* at 11 (providing Plaintiff's allegation that "[t]he sole reason for processing" the First Complaint "differently was because of [Plaintiff's] race," which Plaintiff describes as "Native American/African American with Native American being the dominant").)

On July 6, 2016, Plaintiff filed an Application to Proceed Without Prepayment of Fees, (Doc. 2), which the Court granted on April 6, 2017, (Doc. 6). As such, only the screening determination as to the operative Complaint remains pending before the Court.

## II. LEGAL STANDARD

"The court is . . . required to screen complaints brought by litigants who have been granted leave to proceed *in forma pauperis*." *Smith v. CMF SP Mental Evaluation Div.*, No. CIV S–10–2541–CMK–P, 2010 WL 4362849, at *1 (E.D. Cal. Oct. 27, 2010) (citing 28 U.S.C. § 1915(e)(2)). Under the relevant provisions relating to screening complaints, courts "shall dismiss the case at any time if the court determines that" (1) "the allegation of poverty is untrue," or (2) "the action . . . is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A plaintiff's claim is frivolous 'when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.'" *Morales v. City of Bakersfield*, Case No.: 1:15-cv-01652-JLT, 2015 WL 9481021, at *1 (E.D. Cal. Dec. 29, 2015) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

//

Dismissal for failure to state a claim "is proper where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *MCI Commc'ns Servs., Inc. v. Sec. Paving Co.*, Case No. 1:15-CV-01940-LJO-JLT, 2016 WL 1436521, at *2 (E.D. Cal. Apr. 12, 2016) (quoting *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain" the following: (1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) "a demand for the relief sought, which may include relief in the alternative or different types of relief." The pleading standard provided by Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Twombly*, 550 U.S. at 555 (stating that "[f]actual allegations must be enough to raise a right to relief above the speculative level"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). "In practice, 'a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *MCI Commc'ns Servs., Inc.*, 2016 WL 1436521, at *2 (quoting *Twombly*, 550 U.S. at 562).

In determining whether a complaint states a claim, the factual "allegations in the complaint . . . are accepted as true and construed in the light most favorable to the plaintiff," *Lazy Y Ranch*

4

*Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)), and "all doubts" are "resolve[d] . . . in the pleader's favor," *MCI Commc'ns Servs., Inc.*, 2016 WL 1436521, at *2 (citation omitted). However, "to be entitled to the presumption of truth, . . . a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Additionally, as Plaintiff is appearing *pro se* in this action, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). *See generally Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) ("Presumably unskilled in the law, the pro se litigant is far more prone to make errors in pleading than a person who benefits from the representation of counsel." (citation omitted)). Nonetheless, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). As such, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Finally, "[p]ro se complaints . . . may only be dismissed 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)); *see, e.g.*, *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." (citation omitted)). Thus, "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). "However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the [c]ourt may dismiss without leave to

5

amend." *Melger v. Obama*, No. 2:16-cv-1527 AC P, 2017 WL 1213363, at *2 (E.D. Cal. Mar. 31, 2017) (citing *Cato*, 70 F.3d at 105–06).

## III. DISCUSSION

Before reaching the determination of whether the Complaint sets forth cognizable claims, the Court will first address the preliminary issue of exhaustion. Following the exhaustion analysis, the Court will address whether the Complaint fails to state claims on which relief may be granted.

### A. Exhaustion Analysis

"In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies." *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001) (citing 42 U.S.C. § 2000e–16(c)). "Under Title VII, a plaintiff must exhaust her administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) (citing 42 U.S.C. § 2000e–5(b)); *see, e.g.*, *Sommatino*, 255 F.3d at 708 ("Under the Title VII statutory and regulatory scheme, a federal employee must notify an [EEOC] counselor of discriminatory conduct . . . , and then, if the matter is not resolved, the employee may submit a formal administrative complaint."). "The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrow[ing] the issues for prompt adjudication and decision." *B.K.B.*, 276 F.3d at 1099 (alteration in original) (quoting *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995)). "Although failure to file an EEOC complaint is not a complete bar to district court jurisdiction, substantial compliance with the exhaustion requirement is a jurisdictional pre-requisite." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (citing *Sommatino*, 255 F.3d at 708).

"The jurisdictional scope of the plaintiff's court action depends on the scope of the EEOC charge and investigation." *Id.* (citations omitted). In other words, "[t]he specific claims made in district court ordinarily must be presented to the EEOC." *Id.* (citing *Albano v. Schering-Plough Corp.*, 912 F.2d 384, 385 (9th Cir. 1990)). "[T]he crucial element of a charge of discrimination is the factual statement contained therein." *B.K.B.*, 276 F.3d at 1100 (citation omitted). Courts

"construe the language of EEOC charges 'with utmost liberality since they are made by those unschooled in the technicalities of formal pleading.'" *Id.* (quoting *Kaplan v. Int'l All. of Theatrical & Stage Emps.*, 525 F.2d 1354, 1359 (9th Cir. 1975)).

In this case, Plaintiff explicitly raised factual allegations during the administrative proceedings regarding the following claims: (1) Count III—adding false and/or misleading information to an intake form, (*see, e.g.*, Doc. 4 at 41, 55–56); (2) Count IV—including information regarding the First Complaint along with documents associated with the Second Complaint, (*see, e.g.*, *id.* at 42 & 56); (3) Count V—sharing a personal telephone number belonging to another individual with IRS employees, (*see, e.g.*, *id.* at 42 & 56); and (4) Count VI—including misleading language regarding the First Complaint on a document, (*see, e.g.*, *id.* at 43). The Court therefore finds that Plaintiff satisfied the exhaustion requirement as to Counts III through VI for purposes of the instant screening analysis. *See, e.g.*, *B.K.B.*, 276 F.3d at 1100.

However, Plaintiff did not explicitly raise factual allegations regarding Counts I (denial of representation), II (involving a union office in the complaint process), and VII (sending copies of a dismissal notice to Plaintiff's son) during the administrative proceedings. (*See* Doc. 4 at 19–21, 41–43, 49–58.) Nonetheless, Plaintiff's failure to explicitly raise these factual allegations earlier does not necessarily mean that Plaintiff failed to exhaust her administrative remedies as to these claims. In particular, the Ninth Circuit has stated that, in addition to claims previously brought before the EEOC, "the district court has jurisdiction over any charges of discrimination that are 'like or reasonably related to' the allegations made before the EEOC, as well as charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations." *Leong*, 347 F.3d at 1122 (quoting *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990)). The Ninth Circuit identified the following factors courts should consider "[i]n determining whether a plaintiff has exhausted allegations that she did not specify in her administrative charge": (1) "the alleged basis of the discrimination;" (2) "dates of discriminatory acts specified within the charge;" (3) "perpetrators of discrimination named in the charge;" and (4) "any locations at which discrimination is alleged to have occurred." *B.K.B.*, 276 F.3d at 1100. "In addition, the court should consider [a] plaintiff's civil claims to be reasonably related to

7

allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case." *Id.*

In this case, Counts I and II are both like or reasonably related to Plaintiff's allegations before the EEOC. In particular, like Plaintiff's allegations before the EEOC, these two claims allege that Defendant's employees impermissibly mishandled the process relating to Plaintiff's First Complaint. (*See* Doc. 4 at 5–6.) Further, Counts I and II include allegations relating to the same employees of Defendant as Plaintiff's other exhausted claims—namely, Karen King and/or Anthony Contreras. (*See id.* at 5–9.) As Counts I and II clearly share a common nexus of allegations with the claims Plaintiff raised before the EEOC, the Court finds for purposes of the instant analysis that Counts I and II are like or reasonably related to Plaintiff's exhausted claims. *See B.K.B.*, 276 F.3d at 1100. The Court therefore finds that Plaintiff satisfied the exhaustion requirement as to Counts I and II for purposes of the instant screening determination. *See Leong*, 347 F.3d at 1122.

The Court also finds that Count VII is like or reasonably related to Plaintiff's other exhausted claims. In particular, like Count V, Plaintiff alleges in Count VII that Defendant's employees committed an act in retaliation for Plaintiff filing her First Compliant. (*See* Doc. 4 at 9.) While the nature of these alleged acts differs—providing information to the IRS (Count V), (*see id.* at 8), as compared to impermissibly mailing dismissal notices to a relative (Count VII), (*see id.* at 9)—both of these claims pertain to the purported retaliation by Defendants' employees for Plaintiff filing the First Complaint. Further, given the common retaliation nexus between these two claims, it is likely that the allegations included in Count VII are within the scope of an EEOC investigation that reasonably could be expected to grow out of Plaintiff's allegations in Count V. For these reasons, the Court finds that Plaintiff also satisfied the exhaustion requirement as to Count VII for purposes of the present analysis. *See Leong*, 347 F.3d at 1122.

In summary, the Court finds that—for purposes of the instant screening determination—the available record sufficiently demonstrates that Plaintiff has exhausted each of her seven claims. The Court next turns to the analysis of whether each of Plaintiff's claims states a claim on which relief may be granted.

## B. Plaintiff's Seven Claims under Title VII

In each of Plaintiff's seven claims, Plaintiff alleges that Defendant violated Title VII, 42 U.S.C. § 2000e-2, Section 703(a)(1). (*See* Doc. 4 at 4–9.) In particular, Plaintiff alleges that Defendant violated Section 703(a)(1) when Defendant's employees made certain acts and/or omissions related to the investigation and disposition of Plaintiff's First Complaint specifically because of Plaintiff's Native American/African American race. (*See id.*)

"Title VII makes it unlawful for an employer to 'discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . .'" *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (alteration in original) (quoting 42 U.S.C. § 2000e-2(a)(1)). "A person suffers disparate treatment in his employment when he or she is singled out and treated less favorably than others similarly situated on account of race." *Id.* (citation omitted). A plaintiff must prove the following "[t]o establish a *prima facie* case under Title VII": (1) "that the plaintiff belongs to a class of persons protected by Title VII;" (2) "that the plaintiff performed his or her job satisfactorily;" (3) "that the plaintiff suffered an adverse employment action;" and (4) "that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff." *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). However, this *prima facie* test "is an evidentiary standard, not a pleading standard." *U.S. E.E.O.C. v. Farmers Ins. Co.*, 24 F. Supp. 3d 956, 967 (E.D. Cal. 2014) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)). "As such, the failure to allege facts sufficient to meet [this] test does not warrant dismissal of a complaint." *Id.* (citation omitted); *see, e.g.*, *Borja-Valdes v. City & Cty. of S.F.*, No. 3:14–cv–04168–CRB, 2015 WL 5522287, at *3 (N.D. Cal. Sept. 18, 2015) (stating that, "[i]n the employment discrimination context, a plaintiff need not plead a *prima facie* case" to state a claim on which relief may be granted (citation omitted)).

Instead, as the presiding district court judge in this case has noted, a plaintiff states a claim if the "complaint contain[s] allegations and factual statements that clearly put the defendant on notice that the instant action is based on the defendant's alleged discrimination on a particular protected basis against the charging party . . . beginning at a specific point in time." *Farmers Ins.*

*Co.*, 24 F. Supp. 3d at 967 (citation omitted); *see, e.g.*, *Stonum v. Cty. of Kern*, No. 1:16–cv–01076–DAD–JLT, 2017 WL 1079757, at *6 (E.D. Cal. Mar. 21, 2017) ("[A] plaintiff can state a cognizable claim for discriminatory treatment under Title VII by simply alleging the existence of circumstances surrounding the adverse employment action [that] give rise to an inference of discrimination." (citation omitted)); *cf. Farmers Ins. Co.*, 24 F. Supp. 3d at 967 ("A plaintiff may prove unlawful discrimination by producing 'direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated the employer.'" (quoting *Metoyer v. Chassman*, 504 F.3d 919, 930 (9th Cir. 2007))). Further, as noted previously, a plaintiff need only "plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014).

Here, Plaintiff alleges that her race is "Native American/African American," (Doc. 4 at 5), each of which are protected classes, *see, e.g.*, *Adetuyi v. City & Cty. of S.F.*, 63 F. Supp. 3d 1073, 1084 (N.D. Cal. Aug. 7, 2014) (noting that "African-American" is a "protected class under Title VII" (citing *Cornwell*, 439 F.3d at 1032)); *Eakerns v. Kingman Reg'l Med. Ctr.*, No. CIV 06–3009–PHX–SMM, 2009 WL 735148, at *4 (D. Ariz. Mar. 19, 2009) (stating that "Native American" is "a protected class under Title VII"). Plaintiff also alleges in each of her seven claims that Defendant's employees performed certain acts or omissions that were adverse to Plaintiff. (*See* Doc. 4 at 4–9.) Finally, Plaintiff alleges that Defendant's employees performed each of these acts or omissions "because of [Plaintiff's] Native American/African American" race. (*Id.* at 9; *see also id.* at 11 (providing Plaintiff's allegation that "[t]he sole reason for processing" the First Complaint "differently was because of [Plaintiff's] race," which Plaintiff describes as "Native American/African American with Native American being the dominant").) At this preliminary stage, these allegations are sufficient to state a claim under Title VII. *See, e.g.*, *Farmers Ins. Co.*, 24 F. Supp. 3d at 967.

For these reasons, the Court finds that—for purposes of the present screening determination—each of Plaintiff's seven claims state a claim on which relief may be granted.

## IV. CONCLUSION

For the reasons provided herein, the Court FINDS that Plaintiff's seven claims in the Complaint are cognizable and therefore survive initial screening. Accordingly, the Court hereby ORDERS the following:

(1) The Clerk of the Court is DIRECTED to send Plaintiff a USM-285 form, one summons, an instruction sheet, a notice of submission of documents form, and one copy of the Complaint filed on August 10, 2016.

(2) Within thirty (30) days from the date of service of this Order, Plaintiff is DIRECTED to complete the attached notice of submission of documents and to submit the completed notice to the Court with the following documents:

    (a) The completed summons;

    (b) One completed USM-285 form for Defendant; and

    (c) One copy of the endorsed Complaint filed in this Court.

(3) Service upon Defendant is appropriate when the service documents are submitted to the Court and forwarded to the United States Marshal. Plaintiff need not attempt service on Defendant.

IT IS SO ORDERED.

Dated: **April 12, 2017**　　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE