# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHERYL G. HARSHAW,** <br> **Plaintiff** <br> v. <br> **STEVEN T. MNUCHIN** <br> **Secretary of the Treasury,** <br> **Defendant** | **CASE NO. 1:16-CV-00963 AWI-SKO** <br><br> **ORDER ON DEFENDANT'S MOTION TO DISMISS** <br><br> (Doc. No. 11) |

This case stems from an employment discrimination dispute brought by Plaintiff Cheryl G. Harshaw ("Plaintiff") against her employer Steven T. Mnuchin, Secretary of the Treasury ("Defendant"). Plaintiff's Amended Complaint for Employment Discrimination (the "Complaint"), which she filed *pro se* and *in forma pauperis*, alleged that while interacting with certain of Defendant's employees (the "EEO Personnel") concerning a prior employment discrimination suit, she was discriminated against by these employees. Before this Court is Defendant's Motion to Dismiss.

As Plaintiff's claim is barred by law, this Court grants the Motion to Dismiss.

## **GENERAL BACKGROUND**

In July, 2014, Plaintiff filed a complaint with Defendant's Equal Employment Office (the "EEO"), in which she alleged that her "annual appraisal on" June 23, 2014 "was lowered from an overall 5.0 (last year) to an overall 4.8 this year" (the "First EEO Action"). At some point, the First EEO Action was closed.

On May 12, 2015, Plaintiff filed a second complaint with the EEO (the "Second EEO Action"). Plaintiff alleged that, while interacting with EEO Personnel concerning the First EEO Action, these individuals "falsified documents, purposely excluded . . . allegations from a counseling report, disclosed personal information among IRS employees outside the scope of her case, provided false alternative dispute resolution, and included a closed allegation with the knowledge that doing so could cause a dismissal." The EEO denied Plaintiff's Second EEO Action, and Plaintiff appealed to the U.S. Equal Employment Opportunity Commission (the "EEOC"). On December 15, 2015, the EEOC affirmed the EEO's denial and notified Plaintiff that she had the right to file an action in the appropriate United States District Court.

On August 10, 2016, Plaintiff filed her *pro se* Complaint in this Court alleging employment discrimination in violation of Title VII, 42 U.S.C. § 2000e-2, Section 703(a)(1). Specifically, the Complaint appears to allege seven instances of discrimination:

(1) Defendant "allowed and tolerated" its employees' conduct in denying Plaintiff "representation at every level of the complaint process" in the First EEO Action;

(2) Defendant "allowed and tolerated" its employees harming Plaintiff by "deceiv[ing her] into involving [the] Chapter 97 union office" in First EEO Action;

(3) Defendant "allowed and tolerated its EEO Personnel to concoct [an] EEO Intake Form [that] contain[ed] lies, misrepresentations, statement fabrications, and [personal] information belonging to another federal employee";

(4) Defendant "allowed and tolerated [its employees] collu[ding] to file" an intake form related to the First EEO Action as well as documents related to the Second EEO Action;

(5) Defendant "allowed and tolerated its employees [sharing a] personal cellular phone number [that] belonged to another IRS employee [with] tax examiners/specialists," which resulted in Plaintiff incurring "two erroneous tax debts";

(6) Defendant "allowed and tolerated its . . . employees" to alter a document to make a description in the First EEO Action "misleading and a misrepresentation of facts"; and

(7) Defendant's employees "retaliate[ed]" against Plaintiff by "sen[ding] two copies" of a dismissal notice to Plaintiff's son, whom Plaintiff had not listed as her "representative."

Plaintiff alleges that the EEO Personnel's "unethical behavior and misconduct was because of [Plaintiff's] race," which she describes as "Native American/African American."

Defendant filed with this Court a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6).

## **DISCUSSION**

### *Defendants' Argument*

Defendant argues that Plaintiff's claim concerning the alleged discriminatory actions taken by EEO Personnel is barred as a matter of law because Congress has not authorized a plaintiff to bring a claim based on dissatisfaction with, or the alleged mishandling of, an EEO claim under Title VII. *Ward v. E.E.O.C.*, 719 F.2d 311, 313 (9th Cir. 1983) ("Congress did not expressly create a cause of action against the EEOC by employees of third parties.").

### *Plaintiff's Opposition*

Plaintiff maintains the events alleged in this Complaint occurred after she received her desired resolution in this First EEO Action, and so her claims against the EEO Personnel are separate and apart from those lodged in the First EEO Action and are otherwise "not about any process in EEO." Thus, Plaintiff contends her claim is not barred by *Ward*, but is cognizable under general Title VII employment discrimination law.

### *Analysis*

"Title VII makes it unlawful for an employer to 'discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . .'" *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (quoting 42 U.S.C. § 2000e-2(a)(1)). "A person suffers disparate treatment in his employment when he or she is singled out and treated less favorably than others similarly situated on account of race." *Id.* (citation omitted). To establish a *prima facie* case under Title VII, a plaintiff must assert that he/she (1) belongs to a class of persons protected by Title VII; (2) performed his or her job satisfactorily; (3) suffered an adverse employment action; and (4) was treated differently by his/her employer than a similarly situated employee who does not belong to the same protected class as the plaintiff. *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

However, not every alleged discriminatory act or omission is actionable under Title VII. Relevant to Plaintiff's Complaint, no such action exists for a claim of discrimination under Title VII for acts or omissions made by employees of the EEOC during the processing of employment discrimination claims. *Ward*, 719 F.2d at 313; *see also Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 6 (2d Cir. 1997) ("[T]he legislative history of the 1972 amendments to Title VII strongly indicates that *Congress did not intend to imply a private cause of action against the EEOC.*" (emphasis in original)); *Gottschalk v. City & Cty. of San Francisco*, 964 F. Supp. 2d 1147, 1161 (N.D. Cal. 2013) ("Title VII does not create a private right of action against the EEOC for that agency's alleged misdeeds in investigating charges of discrimination.").

In *Ward*, the Ninth Circuit explicitly held that Congress created neither an express or implied cause of action against the EEOC by employees of third parties.[1] *Id*. at 313. Therein, the plaintiff sued the EEOC under Title VII for negligently processing—failing to investigate—his discrimination complaint against his employer. *Id*. at 312. The EEOC filed for summary judgment under Rules 12(b)(1) and 12(b)(6), which the district court granted. *Id*. On appeal, the Ninth Circuit thoroughly analyzed the framework of Title VII, and concluded "Congress neither expressly or impliedly provided for an action against the EEOC for negligence . . . ." *Id*. In so finding, the Ninth Circuit joined "with other circuits which have considered the question. *Id*. at 313. Thus, the Court concluded the plaintiff had not stated a claim upon which relief could be granted, and affirmed the district court's summary judgment in favor of the EEOC. *Id*.

This bar not only applies to cases involving allegations of negligence, but also to those concerning intentional discrimination and retaliation. *See Smith v. Casellas,* 119 F.3d 33, 34 (D.C. Cir. 1997) (affirming the dismissal of a Title VII case against the EEOC for the agency's "alleged negligence, *fraud*, and *other impropriety* in processing a discrimination charge" the plaintiff filed against his employer); *Forbes v. Reno*, 893 F. Supp. 476, 481 (W.D. Pa. 1995), *aff'd,* 91 F.3d 123 (3d Cir. 1996) (dismissal on sovereign immunity grounds where the plaintiff contended the defendant "conspired and fraudulently colluded" with his employer).

---

[1] *Ward* recognized a limited exception to this rule, which would allow claims brought by an employee of the EEOC itself, where the employee alleges a Title VII claim concerning another EEOC employee and based on an act or osmission made outside of the EEO process. *See Ward*, 719 F.2d at 313 (citing 42 U.S.C. Section 2000e-16(c)).

4

Additionally, in *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005), the court applied Ward to claims against a department's EEO investigators. Therein, the plaintiff alleged a retaliation claim against his employer, the Secretary of the Navy, which were handled by the EEO department housed within the Navy itself. *Id*. at *3 ("In cases involving claims against federal agencies, the agency itself is required to conduct the EEO investigation in lieu of the EEOC."). Later, the plaintiff brought a Title VII claim against his employer for alleged discriminatory acts made by the EEO employees handling his first set of complaints. *Id*. The Secretary moved for dismissal, which this Court granted, concluding that "in failure to investgate cases, the agency stands in the same position as the EEOC." *Id*. That position required the Court to dismiss the plaintiff's actions pursuant to *Ward*. *Id*. at *2; *see also Douglas-Slade v. LaHood*, 793 F. Supp. 2d 82, 96 (D.D.C. 2011) (Claims against EEO not actionable under Title VII).

Taking Plaintiff's allegations as true for purposes of the motion to dismiss, this Court finds Plaintiff's claims are barred by law under *Ward*. Plaintiff has alleged violations of Title VII against her employer, the Secretary of the Treasury, for alleged discriminatory acts made by the EEO Personnel charged with handling her First EEO Action. Plaintiff contends her Complaint "is not about any process in EEO . . . [t]hereby making the EEO process of no point of contention." However, in examining Plaintiff's claims, it is clear the facts alleged directly implicate the actions of the EEO Personnel charged with handling Plaintiff's First EEO Action:

(1) Defendant "allowed and tolerated" EEO Personnel's conduct in denying Plaintiff "representation at every level of the complaint process" in the First EEO Action;

(2) Defendant "allowed and tolerated" EEO Personnel harming Plaintiff by "deceiv[ing] her] into involving [the] Chapter 97 union office" in First EEO Action;

(3) Defendant "allowed and tolerated [EEO Personnel] to concoct [an] EEO Intake Form [that] contain[ed] lies, misrepresentations, statement fabrications, and [personal] information belonging to another federal employee";

(4) Defendant "allowed and tolerated [EEO Personnel] collu[ding] to file" an intake form related to the First EEO Action as well as documents related to the Second EEO Action;

(5) Defendant "allowed and tolerated [EEO Personnel sharing a] personal cellular phone

5

number [that] belonged to another IRS employee [with] tax examiners/specialists," which resulted in Plaintiff incurring "two erroneous tax debts";

(6) Defendant "allowed and tolerated" EEO Personnel to alter a document to <u>make a description the First EEO Action</u> "misleading and a misrepresentation of facts"; and

(7) EEO Personnel "retaliate[ed]" against Plaintiff by "sen[ding] two copies" of a dismissal notice to Plaintiff's son, whom Plaintiff had not list as her "representative."

Thus, the substance of Plaintiff's allegations cannot be divorced from the EEO Personnel charged with handling her First EEO Action.

Therefore, since the Defendant effectively stood in the same position as the EEOC when its EEO Personnel handled Plaintiff's complaints, and Congress has not authorized Title VII suits against the EEOC for acts taken by its employees while handling discrimination claims, Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(6).[2] *Ward*, 719 F.2d at 313; *Baba*, 111 F.3d at 6; *Hill*, 2005 WL 3031136, at *3; *Douglas-Slade*, 793 F. Supp. 2d at 96.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss (Doc. 11) is GRANTED; and
2. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   December 1, 2017           _____
                                     SENIOR DISTRICT JUDGE

---

[2] In so holding, this Court grants the motion to dismiss on Rule 12(b)(6) grounds, as governed by the reasoning in *Ward*. However, this Court recognizes that other districts have treated this issue as one of sovereign immunity, and have dismissed under Rule 12(b)(1). *See, e.g., Persik v. Tucci Learning Sols., Inc.*, 2007 WL 2298039, at *3 (N.D. Cal. Aug. 8, 2007) (granting the defendant's 12(b)(1) motion for a dismissal of the plaintiff's Title VII suit against the EEOC on sovereign immunity grounds). Further still, some district courts have reasoned that dismissal is warranted under either (b)(1) or (b)(6). *See, e.g., Uberoi v. E.E.O.C.*, 180 F. Supp. 2d 42, 46 (D.D.C. 2001) (dismissing under Rule 12(b)(1) pursuant to *Ward*, but also reasoning that even assuming *arguendo* the court had subject-matter jurisdiction, dismissal under Rule 12(b)(6) would be appropriate pursuant to *Ward*).
Here, Defendant expressly requests Plaintiff's complaint be dismissed under Rule 12(b)(1), but then makes its argument as if Defendant has not stated a claim on which relief may be granted. See Doc 11 at *1 ("This motion is made pursuant to [Rule] 12(b)(1) and on the basis that Plaintiff's Complaint fails to state a cognizable claim.").
Defendant relies heavily on *Ward*, which this Court finds controlling. Whether this Court relies on 12(b)(1) or 12(b)(6), the result would be the same—a dismissal of Plaintiff's Complaint. However, this Court chooses to follow the language and reasoning expressed in *Ward*)—that Plaintiff has failed to state a claim on which relief may be granted—and will dismiss pursuant to Rule 12(b)(6).